UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                           **MEMORANDUM OF LAW & ORDER**
                             Criminal File No. 07-102 (MJD/JJG)

(1) LAFAYETTE DEANDRE VAN,

        Defendant.

Allison Kim Ethen, Assistant United States Attorney, Counsel for Plaintiff.

Defendant Lafayette Deandre Van, pro se.

## I. INTRODUCTION

This matter is before the Court on Defendant Lafayette Deandre Van's Pro Se Motion for Judicial Recommendation to the Federal Bureau of Prisons. [Docket No. 102]

## II. BACKGROUND

On August 15, 2007, a jury found Defendant Lafayette Deandre Van, guilty of Count One of the Indictment, Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). On December 4, 2007, the Court sentenced

Defendant to 213 months and 19 days in custody, followed by 5 years supervised release. [Docket Nos. 70, 71]

Defendant appealed his conviction and sentence to the Eighth Circuit; the appellate court affirmed. United States v. Van, 543 F.3d 963, 964 (8th Cir. 2008).

On April 19, 2013, this Court denied Defendant's pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. United States v. Van, No. CIV. 12-2107 MJD, 2013 WL 1703444, at *1 (D. Minn. Apr. 19, 2013). District courts in the Eastern District of Kentucky and the Central District of Illinois also denied Defendant's pro se motions for post-conviction relief in 2011, 2017, and 2019. See Van v. Kallis, No. 18-CV-1019, 2019 WL 1490428, at *1-2 (C.D. Ill. Apr. 4, 2019).

Defendant is currently incarcerated at Federal Correctional Institution Oxford, Wisconsin. His projected release date is June 20, 2023.

Defendant has now filed a pro se motion requesting that the Court recommend to the BOP that Defendant be placed in an RRC or home confinement for 12 months preceding his release from confinement.

### III.   DISCUSSION

By statute, "[t]he Bureau of Prisons shall designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). The BOP

2

> may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering-
>
> [among other things]
>
> (4) any statement by the court that imposed the sentence—
>
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> (B) recommending a type of penal or correctional facility as appropriate. . . .

Id.

> The Second Chance Act provides:
>
> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1).

Defendant has now filed a pro se motion requesting that the Court recommend to the BOP that Defendant be placed in an RRC or home confinement for 12 months preceding his release from confinement. He asserts

3

that serving 12 months in an RRC placement will allow him to reestablish himself in society and notes the success he has had in prison programing.

The Court declines to give a recommendation regarding the ideal length of Defendant's placement in an RRC or home confinement.  While the Court has authority to issue a non-binding recommendation to the BOP regarding RRC placement, "the cases where sentencing courts have elected to exercise their discretion to issue a recommendation involve unique evidence." <u>United States v. Booker</u>, No. CR 13-3 (JRT/FLN), 2018 WL 2247261, at *2 (D. Minn. May 16, 2018) (gathering cases).  No such unique evidence exists here.  Moreover, the BOP has been monitoring Defendant's progress since 2007 and is in the best position to assess Defendant's request for community-based placement for a particular amount of time.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

>   Defendant Lafayette Deandre Van's Pro Se Motion for Judicial Recommendation to the Federal Bureau of Prisons [Docket No. 102] is **DENIED**.

Dated:   March 9, 2022                    s/Michael J. Davis
                                          Michael J. Davis
                                          United States District Court